**IN THE COURT OF APPEALS OF IOWA**

No. 15-0075
Filed July 22, 2015

**IN THE INTEREST OF S.M.,**
**Minor Child,**

**A.M., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

A mother appeals from a permanency order placing the child in the sole custody of the father.  **AFFIRMED.**

Barbara E. Maness, Davenport, for appellant mother.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, Michael J. Walton, County Attorney, and Julie Walton, Assistant County Attorney, for appellee State.

Christine Frederick of Zamora, Taylor, Woods & Frederick, Davenport, for appellee father.

Maggie Moeller of Maria K. Pauley Law Firm, Davenport, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

A mother appeals from a permanency order placing the child in the sole custody of the father. On our de novo review, we find an extension of time would not result in the child being returned to the mother's custody. The permanency order entered is in the child's best interests, and we therefore affirm.

**I. Background Facts.**

The child was removed from the mother's care at birth in January 2014. The removal order identified the risks of harm as the mother's struggle with substance abuse, mental illness, parenting deficits, unstable housing, volatile relationships with others, criminal acts, and a history of neglect and physical abuse of her previous children.[1] The child was adjudicated in need of assistance. She was first placed in a foster home, but in June 2014 was placed with the biological father. A permanency hearing was held on December 16, 2014, at which time the juvenile court changed the permanency goal to permanent custody of the child with the father, subject to the supervision of the department of human services (DHS) until a district court order is obtained. The mother appeals, contending the court should have granted her an extension of time to achieve reunification. She also maintains the permanency order was not in the child's best interests.

**II. Scope and Standard of Review.**

"Our review of permanency orders is de novo." *In re A.A.G.*, 708 N.W.2d 85, 90 (Iowa Ct. App. 2005). We review both the facts and the law and

---

[1] The mother's rights to three children were terminated in September 2012.

adjudicate rights anew on the issues properly presented. *Id.* We give weight to the juvenile court's findings, but are not bound by them. *Id.*

**III. Discussion.**

Iowa Code section 232.104(3) (2013) enumerates the conditions that must be shown by clear and convincing evidence before the juvenile court can enter a permanency order:

> Prior to entering a permanency order pursuant to subsection 2, paragraph "d",[2] convincing evidence must exist showing that all of the following apply:
> a. A termination of the parent-child relationship would not be in the best interest of the child.
> b. Services were offered to the child's family to correct the situation which led to the child's removal from the home.
> c. The child cannot be returned to the child's home.

The juvenile court found all three conditions were established by clear and convincing evidence, writing:

> The child remains in need of assistance due to her mother's inability to effectively handle her mental illness. That illness, in combination with her substance abuse, has led [the mother] to provide inappropriate supervision to her children by exposing them to dangerous people and situations. She was verbally and physically abusive to her three oldest children. She was unable to correct the adjudicatory harm; ultimately resulting in termination of her parental rights [to those three children in September 2012].
> [S.M.] is almost one year old, having been born [in January 2014.] She was removed upon discharge from the hospital . . . . Initially, she resided in foster care but was placed with her father on 6-10-14 after paternity testing was completed. [The child] has remained in her father's continuous care to date. She is healthy and happy in the home.
>  . . . .
> Permanency for the child must be established at this time. Her placement with her father has been stable and safe. Her daily needs are being met while in his care. The permanency goal should be changed from reunification with the mother to transfer of

---

[2] The pertinent provision here being, "Transfer sole custody of the child from one parent to another parent." Iowa Code § 232.104(2)(d)(2).

custody to the father. Permanent placement of [S.M.] with her father is in the best interests of the child. Additionally, that placement protects the child and allows a safe relationship with her mother. Pursuant to Iowa Code section 232.104(4)[3] the child should be continued in the custody of her father. The Court finds there is clear and convincing evidence that the child cannot be returned to the custody of her mother at this time, that services were offered to correct the situation which led to her removal, and termination of the parent-child relationship between the mother and daughter would not be in the child's best interest.

The mother does not challenge these findings. Rather, she contends the juvenile court should have granted her a three-month extension, relying upon her therapist's written statement:

> It is my belief that [the mother] will always be challenged by her mental health and substance abuse issues but that she has made significant progress beyond where she had been when her rights were terminated with her older three daughters. She is addressing her issues on a consistent basis in therapy, volunteering information, sharing insights about herself, and hearing feedback non-defensively. She has followed recommendations I have made regarding calling DHS directly when issues arise, about confronting her father, and about addressing issues with her friend in an assertive manner. Additionally, she has stayed out of relationships with men for over a year (to my knowledge) which has allowed her to focus on herself.
> Because [the mother] has made significant progress, is awaiting approval for SSI, and has recently been approved for Section 8 Housing it is my recommendation that she be given three more months to meet the requirements set by DHS in order to regain custody of her daughter.

In order to continue the permanency determination the statute requires the court to make a determination the need for removal will no longer exist at the end of the extension. Iowa Code § 232.102(2)(b). Under some circumstances extensions may be appropriate, but "[a] parent does not have an unlimited

---

[3] Section 232.104(4) provides, "Any permanency order may provide restrictions upon the contact between the child and the child's parent or parents, consistent with the best interest of the child."

amount of time in which to correct his or her deficiencies." *In re H.L.B.R.*, 567 N.W.2d 675, 677 (Iowa Ct. App. 1997); *see also In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) ("It is well-settled law that we cannot deprive a child of permanency . . . by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child.").

While we acknowledge that the mother has made progress, she has received services (most recently) since the child's removal in January 2014 and is still unable to provide a safe and stable home for the child. She admittedly relapsed in June 2014, she missed drug screens in October and November, she was unable to attend visits with her child as a consequence of unresolved mental health issues (obsessive compulsive disorder) in September and December, and she remained unemployed and without suitable housing. From our de novo review of the record, we also are unable to make a finding the need for removal would no longer exist after an additional three months. The mother's resistance to acknowledging the need to address her substance abuse in an on-going manner, her continued struggle with her mental health problems, and her lack of stable housing and employment all militate against a finding that another three months would eliminate the need for the child's removal.

We agree with the juvenile court that the permanency order is in the child's best interests.

**AFFIRMED.**